UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVIN J. WALTON** | : | **DOCKET NO. 16-cv-1597** |
| | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **14TH JUDICIAL DISTRICT COURT** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Stay [doc. 26] filed by petitioner Davin J. Walton, relating to his Amended Petition [doc. 17] seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Walton was on pretrial detention and then serving his sentence at the Academy of Training Skills ("ATS") in Lacassine, Louisiana, but has apparently left that placement without permission. Doc. 28, att. 1, p. 109.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the Motion to Stay [doc. 26] be **DENIED** and that this matter be **DISMISSED WITH PREJUDICE** as moot.

**I.**
**BACKGROUND**

Walton brought this action to challenge his pretrial detention and the state courts' handling of his claim relating to the failure of the Calcasieu Parish District Attorney's Office ("CPDAO") to timely file a bill of information. He did not seek review in the Louisiana Supreme Court and maintained that "[a]ny further attempt to exhaust state court remedies . . . would be a patently futile

course of action." Doc. 17, p. 6. Instead, he filed a petition for writ of habeas corpus in this court. Doc. 1. After review of his petition we appointed counsel to assist him in his case, and an amended petition was filed with the assistance of that counsel. Docs. 14, 17. We then granted Walton's motion for an order to show cause, and the CPDAO filed a response in opposition to the petition. *See* docs. 18, 22.

The CPDAO opposed the petition and argued for its dismissal on multiple grounds, including *Younger* abstention. Doc. 22. Argument was heard and evidence received at a hearing conducted on November 2, 2017, at the conclusion of which we announced that a report and recommendation would follow. Doc. 23. Walton then filed a Motion to Stay on January 15, 2018, stating that he might be released from custody soon which would render his petition moot. Doc. 26. The CPDAO filed an opposition to the motion. There it explained that Walton had entered into a plea deal, accepted by the state district court on November 13, 2017, by which he pleaded guilty to a charge of monetary instrument abuse, the other charges were dismissed outright by the state, and Walton was to remain at ATS for the rest of his sentence. Doc. 28, p. 6; doc. 28, att. 1, pp. 104–05. However, "[o]n January 2, 2018, ten days from release . . . [Walton] absconded and his current whereabouts are unknown." Doc. 28, p. 6; *see* doc. 28, att. 1, p. 109. Accordingly, CPDAO maintains, a stay would be inappropriate because his flight has rendered him ineligible for release. Doc. 28, p. 6. In its response it also seeks a dismissal of Walton's request for habeas relief. *Id.*

## II.
### LAW & ANALYSIS

### A. *Motion to Stay*

The circumstances on which Walton sought to have consideration of this matter stayed have changed, and he has not presented new grounds warranting a delay in the court's consideration of his amended petition. Accordingly, the Motion to Stay should be denied.

### *B. Dismissal*

When a federal court has jurisdiction over an action, its "obligation to hear and decide a case is virtually unflagging." *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 591 (2013) (quotations omitted). However, the court must abstain from exercising its jurisdiction under *Younger v. Harris*, 91 S.Ct. 746 (1971), in cases requiring interference in **ongoing** state proceedings in certain circumstances, including state criminal prosecutions. *New Orleans Publ. Serv., Inc. v. Council of City of New Orleans*, 109 S.Ct. 2506, 2518 (1989). Here, as the CPDAO admits, Walton's guilty plea has been accepted and the remaining charges for which he was in pretrial custody have been dismissed. Accordingly, *Younger* is no longer applicable because the state criminal prosecution is no longer ongoing. Nevertheless, we entertain the CPDAO's notice of changed circumstances and general request for dismissal of the case, combined with its prior request for dismissal from the hearing. *See* doc. 28, p. 6.

A state pretrial detainee is entitled, under certain circumstances, to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Because Walton pleaded guilty to one charge and the others were dismissed, he is no longer a pretrial detainee and it is unnecessary to resolve the issue presented in his habeas petition. *See Wade v. Anderson*, 2010 WL 930991 at *1 (N.D. Tex. Mar. 15, 2010) (dismissing with prejudice as moot pretrial detainee's § 2241 petition after his conviction); *Jenkins v. Mississippi*, 2010 WL 1328945 at *3–*4 (S.D. Miss. Jan. 29, 2010) (same), report and recommendation adopted, 2010 WL 1328949 (S.D. Miss. Mar. 29, 2010); *see also Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) and *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions

challenging legality of pretrial detention were rendered moot by conviction). Accordingly, the instant petition should be dismissed as moot.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the Motion to Stay be **DENIED** and that this matter be **DISMISSED WITH PREJUDICE** as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE